# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

MATTHEW R. EHLERS,

               Plaintiff,

   v.                   6:15-CV-387
                       (MAD/ATB)

CENTRAL INTELLIGENCE AGENCY, et al.,

               Defendants.

MATTHEW R. EHLERS, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

  The Clerk has sent to the Court a civil rights complaint filed by pro se plaintiff Matthew R. Ehlers. (Dkt. No. 1) Plaintiff has also filed an application to proceed in forma pauperis ("IFP") and a motion for appointment of counsel. (Dkt. Nos. 2, 3). For the following reasons, this court will grant plaintiff's IFP application, but will recommend dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. <u>IFP Application</u>

  A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). Although plaintiff's application is technically incomplete, this court will assume for purposes of this order that plaintiff meets the financial criteria

to proceed IFP.[1]

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed.

---

[1] In his application, plaintiff states that he is currently unemployed. He then states that in the past twelve months, he has received income from "business, profession or other self employment," but does not state the source of the money, the amount received, or what he expects to receive. (Dkt. No. 2 at 1). He also states that his children "help" him by giving him $25.00 to $30.00 per week, but on the next page, he states that he supports his children by contributing $50.00 to $192.00 per week. (Dkt. No. 2 at 1-2). These omissions and inconsistencies are not explained, but as stated above, the court will find plaintiff financially eligible for the limited purpose of this Order and Report-Recommendation.

*Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Complaint

The complaint is very short and contains limited facts. (Complaint "Compl.") (Dkt. No. 1). It is divided into three "causes of action." (Compl. at 1-2). Plaintiff names the Central Intelligence Agency ("CIA"); CIA Director, David B. Buckley;[2] and Inspector General ("IG") Michael E. Horowitz.[3] Plaintiff alleges that on May 6, 2011, he sent a letter to defendant Buckley outlining facts and events which he alleges represent

---

[2] David Buckley is the CIA's Inspector General, not the Director of the CIA. The current Director of the CIA is John Brennan. https://www.cia.gov/news-information/pressreleases-statements/index. Plaintiff's error does not affect this court's decision.

[3] Michael E. Horowitz is the IG of the Department of Justice ("DOJ"). Plaintiff does not specify defendant Horowitz's agency in the complaint.

> such serious and aggregious [sic] criminal activity and allegations, that it should have prompted an immediate appropriate response and internal investigation into the associated misconduct, criminal politics, corporate crime and conspiracy against rights (Title 18 section 241 and 242, 245).

(Compl. at 1). Plaintiff claims that he never received a response from defendant Buckley, which plaintiff believes is a violation of due process. (*Id.*) Plaintiff claims that the failure of defendant Buckley to respond "furthered the conspiracy and attacks against [his] family and [him], [his] career, [their] rights as well as general peace and well being." (Compl. at 2).

Plaintiff's second cause of action states that he also contacted the Office of the Inspector General ("OIG") with the same information as reported to the CIA. (*Id.*) Plaintiff states that he filed an "official complaint," but he received an "extremely bizarre" response which "completely ignored the facts and events set forth and declared the matter closed without any due process or investigation whatsoever." (*Id.*)

Plaintiff's third cause of action states that he again contacted OIG on July 17, 2012, August 3, 2012 to request "and demand" an investigation into the "obvious heinous crimes," corruption, and "criminal politics." (*Id.*) Plaintiff also "voiced dismay" over the lack of proper response to his correspondence. Plaintiff states that he received a "similarly neglectful and bizarre response" from OIG on August 10, 2012. On September 4, 2012, he contacted OIG "one final time" to inform "them" of his intent to file a federal action. Plaintiff claims that there is obvious coercion, manipulation, blackmailing, bribery, case-fixing/tampering, corporate bartering, and "cronyism" at several levels. Plaintiff is not sure who is responsible for the handling or

4

mishandling of the correspondence that he and his family have sent over the years, but he is filing this federal action, "having exhausted all other remedies." (Compl. at 2).

Plaintiff requests an "immediate and thorough criminal investigation into the crimes, individuals, entities and allegations set forth in the attached correspondence[4] as well as the associated misconduct, criminal politics and corruption." (*Id.*) Plaintiff also appears to be asking for monetary relief, due to "lack of due process and lack of enforcement." (*Id.*)

## III. Venue

### A. Legal Standards

Proper venue in civil actions in which the defendants are officers or employees of the United States is as follows:

> (1) In general. – A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). However, venue in actions bringing claims against defendants in their "individual capacities" is governed by 28 U.S.C. § 1391(b) which provides that

---

[4] There is no correspondence attached to the complaint. There are many emails, attached to plaintiff's motion for appointment of counsel. (Dkt. No. 3). The emails appear to be excerpts of correspondence that plaintiff sent to various attorneys in an attempt to encourage counsel to take his case. In one of the emails there is a chronology of events that plaintiff sent to counsel which may further explain the conduct of which plaintiff complains. (Dkt. No. 3 at CM/ECF pp.24-29). I will discuss the facts stated in plaintiff's email below as appropriate to clarify plaintiff's claims.

5

> A civil action may be brought in –
>   (1)  a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;
>   (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or
>   (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*See Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the Western District of Texas*, __ U.S. __. 134 S. Ct. 568, 577 (2013).

**B.    Application**

In this case, plaintiff has named CIA IG, David B. Buckley and DOJ IG, Michael E. Horowitz.  Plaintiff's first request appears to be in the nature of injunctive or mandamus relief.  He states that he is requesting "an immediate and thorough criminal investigation." (Compl. at 2).  To the extent that he names the IGs in their official capacities for equitable relief, venue is proper in the Northern District of New York based upon 28 U.S.C. § 1391(e)(1)(C) because plaintiff resides in this district, and no real property is alleged to be involved in the action.

To the extent that plaintiff seeks monetary relief from either director individually[5] for constitutional[6] violations, the only basis upon which plaintiff could

---

[5] To the extent that plaintiff seeks to name the CIA as a defendant, sovereign immunity would prevent a suit for damages directly against the agency.  As a federal agency, the CIA is protected against suit by the sovereign immunity afforded to the United States. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994).  Absent an unequivocal  waiver of that sovereign immunity in statutory text, this court would lack subject matter jurisdiction. *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004);  *Marakova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  The United States has not waived its sovereign immunity with respect to constitutional claims seeking

6

bring the action is *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) which allows citizens to file damage claims for constitutional violations committed by federal agents or employees, acting under color of federal law. *See Arar v. Ashcroft*, 585 F.3d 559, 571–72 (2d Cir. 2009) (discussing history of *Bivens* actions).

Under section 1391(b), a claim against the defendants "individually" would normally be brought in Washington, D.C., where the alleged unconstitutional acts took place,[7] or where the defendants reside, which is unlikely the Northern District of New York. However, in a case involving multiple claims, dismissal of an improperly venued claim is not warranted if "'it is factually related to a properly venued claim and the claims could be considered one cause of action with two grounds of relief.'" *Mikhaylov v. United States*, 29 F. Supp. 2d 260, 273-74 (E.D.N.Y. 2014) (quoting *United States Envtl. Prot. Agency ex rel. McKeown v. Port Auth. of N.Y. & N.J.*, 162 F. Supp. 2d 173, 183 (S.D.N.Y.2001), *aff'd sub nom. McKeown v. Del. Bridge Auth.*, 23 F. App'x 81 (2d Cir. 2001)).

In this case, the court will consider plaintiff's official capacity and individual capacity claims sufficiently related so that venue is proper in the Northern District of

---

money damages that are brought directly against the United States or an agency thereof. *Robinson*, 21 F.3d at 510.

[6] Plaintiff claims he was denied due process as a result of the defendants' failure to investigate his allegations. (Compl. at 1-2).

[7] The refusal to investigate plaintiff's claims presumably occurred in defendants' offices, neither of which are in the Northern District of New York.

7

New York. Notwithstanding proper venue, this case must be dismissed.

## IV. Right to Investigation

### A. Legal Standards

Plaintiff has no constitutional right to an investigation of any sort by government officials. *See Bernstein v. New York*, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008); *Lewis v. Gallivan*, 315 F. Supp. 2d 313, 317 (W.D.N.Y. 2004) (citing cases). In order for a constitutional violation to have occurred, the investigation itself must have resulted in the deprivation of a constitutional right. *Faison v. Hash*, 03-CV-6475P, 2004 WL 944523, at *6 (W.D.N.Y. April 23, 2004) (citation omitted). It is also well-settled that there is no private right of action under federal criminal statutes such as 18 U.S.C. §§ 241 or 242. *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994); *Marshall v. Webster Bank, N.A.*, 3:10-CV-908, 2011 WL 219693, *8 (D. Conn. Jan. 21, 2011) (citing cases); *Vasile v. Dean Witter Reynolds, Inc.*, 20 F. Supp. 2d 465, 478 (E.D.N.Y. 1998), *aff'd*, 205 F.3d 1327 (2d Cir. 2000) (citations omitted).

### B. Application

Plaintiff is suing defendants because the CIA and the DOJ failed to investigate or prosecute after plaintiff allegedly sent them information, reporting the harassment that he and his family have suffered due to their "whistleblowing" activities. Because plaintiff has no right, constitutional or otherwise, to an investigation or prosecution, the defendants did not deny him due process by failing to conduct either one.[8] The court

---

[8] In his motion for appointment of counsel, plaintiff also mentions the words "equal protection." (Dkt. No. 3 at 29). The Equal Protection Clause of the Fourteenth Amendment requires that the government treat all similarly situated people alike. *Nicholas v. Tucker*, 114 F.3d 17, 20 (2d

8

would also point out that the complaint itself does not "detail" any of the specific facts of the alleged harassment.[9] He simply states that in 2011 and 2012, defendants failed to investigate his allegations. Plaintiff makes only general allegations of the corruption he wished to have investigated. He alleges "attacks against his family," conspiracies, case-fixing, bribery, corporate bartering, and the like. (Compl. at 2). Conslusory allegations are insufficient to state a constitutional claim.[10] *Barr v. Abrams*, 810 F.2d

---

Cir. 1997). Generally, the equal protection clause has been "concerned with governmental 'classifications that affect some groups of citizens differently than others.'" *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008). In his complaint, there is absolutely no indication that anyone was treated differently than plaintiff by these defendants. There is no indication that another similarly situated individual obtained an investigation by defendants under similar circumstances. Thus, to the extent that plaintiff's motion for appointment of counsel could be interpreted as in some way raising such an equal protection claim in plaintiff's complaint, the court would still recommend dismissal.

[9] The court is merely noting these facts. This recommendation is based ***only*** upon the fact that plaintiff is not entitled to an investigation of any sort, not that he has not detailed his claims of harassment.

[10] The court does note that a review of plaintiff's motion for appointment of counsel (addressed below) does contain a "timeline of events/incidents" that plaintiff sent to one attorney in an effort to obtain counsel. (Dkt. No. 3 at CM/ECF pp.24-29). The incidents described by plaintiff begin in 2002 and span occurrences in various states through 2011. The court will not recite all the facts as stated by plaintiff in his description of the relevant facts, but would only note some of the statements. In 2002, police in New Jersey engaged in "odd behavior." (Dkt. No. 3 at 24). In 2003, references were made to plaintiff that the "mob" was after him, including direct statements from co-workers at "Meow-Mix Company" bragging about their corrupt law enforcement friendships. (*Id.* at 25). In 2004, while working at the Hartz Mountain Corporation, plaintiff's supervisor bragged of CIA connections, how he can "set" plaintiff up, and bragged about "having hacked" plaintiff's email. (*Id.*) There are also allegations of occurrences between 2003 and 2008. In 2008, plaintiff claims that he was offered a job in Albany, which turned out to be a "scam," and the company closed its Albany office within two weeks after plaintiff moved there. (*Id.* at 26). Plaintiff alleged that there was "reason to believe" that this was done to plaintiff "intentionally." (*Id.*) Plaintiff mentions a hit-and-run in 2009 and a DWI in 2010 (although plaintiff concedes that he had too much to drink, but is convinced that "they seemed to be ready for it." (*Id.* at 27). Notwithstanding all these incidents, plaintiff never specifies who may be responsible or to what "criminal group" he is referring. (*Id.* at 28). Even including all the facts as stated in plaintiff's motion for appointment of counsel, his rights would not have been violated when the CIA or any of the three defendants refused to investigate his "case" in 2011 and 2012.

9

358, 363 (2d Cir. 1987).

Thus, this court must recommend dismissal of plaintiff's complaint for failure to state a claim because plaintiff is not entitled to, nor can he "demand" an investigation.

V. **Opportunity to Amend**

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). In this case, the court finds that any attempt by the plaintiff to amend this complaint would be futile, and he would still be unable to state a federal claim.

VI. **Appointment of Counsel**

　　A. **Legal Standards**

There is no bright-line test for determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). A number of factors must be carefully considered by the court in ruling upon the motion. The court must first assess whether the indigent's claims seem likely to be of substance. If so, the court then considers:

> [t]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting

*Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). Each case must be decided on its own facts, and the court may consider any or all of the above factors in its determination. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

### B. Application

Plaintiff has contacted multiple attorneys who have refused to take his case. (Dkt. No. 3). This court finds that plaintiff's complaint does not state a claim, and that he will be unable to amend to state a claim because he simply has no right to the relief that he requests. Therefore, the complaint lacks substance, and the plaintiff cannot meet the first requirement for appointment of counsel. The court need not proceed with the rest of the above analysis. Plaintiff's motion for appointment of counsel is denied.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's application to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) for failure to state a claim, and it is

**ORDERED**, that plaintiff's motion for appointment of counsel (Dkt. No. 3) is **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT**

11

**TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: April 6, 2015

Hon. Andrew T. Baxter
U.S. Magistrate Judge