**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MATTHEW R. EHLERS,**

                          **Plaintiff,**

     vs.                                              **6:15-cv-387
                                                                   (MAD/ATB)**

**CENTRAL INTELLIGENCE AGENCY; DAVID
B. BUCKLEY, Director; MICHAEL E. HOROWITZ,
Inspector General,**

                          **Defendants.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**MATTHEW R. EHLERS**
57 Elizabeth Street
2nd Floor
Amsterdam, New York 12010
Plaintiff *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiff commenced this civil rights action asserting claims against the Central Intelligence Agency ("CIA"), the director thereof, and the Inspector General ("IG") of the Department of Justice ("DOJ"). *See* Dkt. No. 1. In an April 6, 2015, Order and Report-Recommendation, Magistrate Judge Baxter conducted an initial review of the complaint and granted Plaintiff's motion for leave to proceed in forma pauperis ("IFP") for filing purposes only, recommended that the complaint be dismissed in its entirety with prejudice, and denied Plaintiff's motion to appoint counsel. *See* Dkt. No. 5 at 11.

Currently before the Court is Magistrate Judge Baxter's Order and Report-

Recommendation, Plaintiff's objections thereto, and Plaintiff's amended complaint, which was filed after the issuance of the Order and Report-Recommendation.

## II. BACKGROUND

Plaintiff's complaint is very short, containing limited facts, but brings this action against the CIA and DOJ under 18 U.S.C. §§ 241-242 & 245 for having failed to investigate alleged reports of harassment that he and his family suffered due to their "whistleblowing" activities. *Id.* at 3, 8. Plaintiff appeared to be requesting injunctive or mandamus relief. *Id.* at 6. The Magistrate Judge found Plaintiff failed to plausibly allege that Defendants denied him due process by failing to conduct an investigation or prosecution and that Plaintiff has no right, constitutional or otherwise, to an investigation or prosecution. *Id.* at 8 (citing *Bernstein v. New York*, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008)). Magistrate Judge Baxter concluded that Plaintiff's complaint amounts to conclusory allegations which are insufficient to state a constitutional claim. *Id.* at 9 (citing *Barr v. Adrams*, 810 F.2d 358, 363 (2d Cir. 1987)). The Magistrate Judge then held that any attempt by Plaintiff to amend his complaint would be futile, and he would still be unable to state a federal claim. *Id.* at 10.

Currently before the Court are Magistrate Judge Baxter's Order and Report-Recommendation, and Plaintiff's objections thereto. Additionally pending before the Court is Plaintiff's amended complaint, which was filed after the issuance of the Order and Report-Recommendation.

## III. DISCUSSION

**A.    Initial review**

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed in forma pauperis, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the

2

action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, although The Court has the duty to show liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond, . . ." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), the court also has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action in forma pauperis.[2]

When reviewing a complaint, the court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, . . . prepare an adequate defense," and determine whether the doctrine of res judicata is applicable. *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting Powell v. Marine Midland Bank, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977))) (other citation omitted).

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[2] "Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915e is appropriate to prevent abuses of the process of the court," *Nelson v. Spitzer*, No. 9:07-CV-1241, 2008 WL 268215, *1 n.3 (N.D.N.Y. Jan. 29, 2008) (citation omitted), as well as "to discourage the filing of [baseless lawsuits], and [the] waste of judicial . . . resources[.]" *Neitzke*, 490 U.S. at 327.

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citation omitted). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2006). When a party, however, files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2006).

A litigant's failure to file objections to a magistrate judge's report-recommendation, even when that litigant is proceeding pro se, waives any challenge to the report on appeal. *See Cephas*

*v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A pro se litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a pro se party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a) and former 6(e) of the Federal Rules of Civil Procedure).

As Magistrate Judge Baxter correctly determined, Plaintiff's complaint does not state a valid claim for which relief can be granted and lacks substance. As Magistrate Judge Baxter discussed, Plaintiff's complaint is not of substance, but rather conclusory statements and "threadbare recitals of the elements of a cause of action." *See Twombly*, 550 U.S. at 555.

Plaintiff was not denied due process under 18 U.S.C. § § 241-242 & 245 or when the agencies contacted failed to conduct an investigation. "'There is . . . no constitutional right to an investigation by government officials.' Thus, there is no constitutional violation where the government refuses to investigate a crime . . . ." *Bernstein v. New York*, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008); *Lewis v. Gallivan*, 315 F. Supp. 2d 313, 317 (W.D.N.Y. 2004). Additionally, it is well established that there is no private right of action under 18 U.S.C § § 241-242 & 245. *See, e.g.*, *Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. N.Y. 1994); *Powers v. Karen*, 768 F. Supp. 46, 51 (E.D.N.Y. 1991); *Sauls v. Bristol-Myers Co.*, 462 F. Supp. 887, 889 (S.D.N.Y. 1978). The

Magistrate Judge correctly determined that Plaintiff has no cause of action and properly dismissed the claim because there is no constitutional right to an investigation or a private right of action under 18 U.S.C. 241, 242 & 245.

Furthermore, the doctrine of sovereign immunity bars Plaintiff's suit for damages against the CIA "[b]ecause an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. N.Y. 1994).

Having reviewed the Report, Recommendation, and Order and Plaintiff's objections thereto, the Court finds that Magistrate Judge Baxter correctly determined that Plaintiff's claims should be dismissed.

**B.     Plaintiff's Amended Complaint**

In his amended complaint Plaintiff states that there has been "ongoing choreographed criminal attacks" directed at him and his family, which were arranged by "corrupt Federal agents from the CIA." *See* Dkt. No. 6 at 3. The amended complaint states these attacks include: "efforts to harass, defame, discredit, sabotage, stalk (including gang stalking), setup, and block many inherent rights." *Id*. It also states there were efforts "to create general chaos," and "to make us feel bad." *Id*. Plaintiff includes a list of incidents and events in his amended complaint that reference occurrences from 2002 to 2011. In this list Plaintiff makes claims including but not limited to: "odd events," "bogus tickets," "chemicals or contaminnets [sic] being put in to [his] food," "sabotage [to his] own consulting/financial services business," "politics and case fixing," "electronic directed energy weapon (dew) attacks," "corrupt gravy train," and "civil rights blackout." *Id.* at 4-10. However, all of the events, occurrences, and claims lack substance and

are mere conclusory statements.

In his amended complaint, Plaintiff clarifies he is seeking monetary damages, injunctive monetary relief, punitive damages, and "an immediate and thorough criminal investigation and prosecutions." *Id.* at 10. Plaintiff states that he seeks mandamus relief under 28 U.S.C. § 1361, and restates he seeks relief under 18 U.S.C. §§ 241-242 & 245. *Id.* at 11.

Having reviewed the amended complaint, the Court finds that Plaintiff has failed to plausibly allege that he is entitled to any of the relief he seeks. As discussed above, Plaintiff's claims must be dismissed because they are entirely conclusory, lack an arguable basis in law or fact, and fail to state a claim on which relief may be granted. *See Ashcroft*, 556 U.S. at 678; *Neitzke*, 490 U.S. at 325; 28 U.S.C. § 1915(e)(2)(B)(ii). Additionally, as discussed above, there is no private right of action under 18 U.S.C. §§ 241-242 & 245. *See, e.g.*, *Dugar*, 613 F. Supp. at 852 n.1. Again, there was also no constitutional violation because there is no right to an investigation. *See, e.g.*, *Bernstein*, 591 F. Supp. at 460.

Based on the foregoing, the Court finds that Plaintiff's amended complaint fails to set forth any non-frivolous causes of action. Since permitting additional amendment would be futile, Plaintiff's amended complaint is dismissed with prejudice.

In view of the frivolous nature of Plaintiff's claims, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV. CONCLUSION

After carefully considering Magistrate Judge Baxter's Order and Report-Recommendation, Plaintiff's objections thereto, and the applicable law, and for the reasons stated

7

herein, the Court hereby

**ORDERS** that Magistrate Judge Baxter's April 6, 2015 Order and Report-Recommendation is **ADOPTED**; and the Court further

**ORDERS** that Plaintiff's complaint and amended complaint are **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve Plaintiff with a copy of this Memorandum-Decision and Order.

**IT IS SO ORDERED.**

Dated: June 10, 2015
      Albany, New York

Mae A. D'Agostino
U.S. District Judge